UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STEVEN BURNS,

        Plaintiff,

              v.                    CAUSE NO. 3:20-CV-388-JD-MGG

RON NEAL, et al.,

        Defendants.

OPINION AND ORDER

Steven Burns, a prisoner without a lawyer, filed a complaint (ECF 3) against Indiana State Prison Warden Ron Neal, Sgt. Mr. Buckman, and Correctional Officer Mr. Crockett, alleging that they failed to protect him from an attack by another inmate. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On April 24, 2020, Burns was residing in a restrictive housing unit at ISP. Inmates in restrictive housing receive one hour of recreation time, and that recreation takes place in a "rec cage" located outside. Burns was placed in the cage and left unattended with another inmate in a nearby cage. That inmate was yelling that he was going to hurt

Burns. When the officers returned, Burns told Officer Crockett that he did not feel safe and wanted to go back inside. Burns was disregarded and again left unsupervised. The inmate kicked at Burns's cage trying to gain access to Burns. The noise gained attention, and Sgt. Buckman and Officer Crockett came to investigate. Plaintiff again said that he felt unsafe and wanted to come in. His request was disregarded, and he was again left unsupervised. Ultimately, the other inmate was able to gain access to Burns's rec cage and attacked him. Prison staff used mace to stop the assault, resulting in more pain for Burns.

When an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). General requests for help, expressions of fear, and even prior attacks are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008). By contrast, "a complaint that identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk." *Gevas v. McLaughlin*, 798 F.3d 475, 481 (7th Cir. 2015). "Even if an official is found to have been aware that the plaintiff was at substantial risk of serious injury, he is free from liability if he responded to the situation in a reasonable manner." *Fisher v. Lovejoy*, 414 F.3d 659, 664 (7th Cir. 2005).

Here, Burns alleges only that he told Officer Crockett that he did not feel safe and wanted to go back inside, and that a little while later, he repeated this to Officer Crocket and Sgt. Buckman. This general expression of fear was not sufficient to put Officer Crockett or Sgt. Buckman on notice of a specific, credible, and imminent risk of serious harm, and he therefore has not stated a claim against them.

Burns has also sued Warden Ron Neal, but he has not alleged facts to suggest that Warden Neal was personally involved in the incident he describes in his complaint. A lawsuit pursuant to § 1983 against an individual requires personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003) (citations omitted). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009); *see also Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993) (noting the doctrine of *respondeat superior* has no application to § 1983 actions). Therefore, Burns may not proceed against Warden Neal in his individual capacity.

To the extent that Burns is alleging that Warden Neal's policies resulted in a violation of his constitutional rights, such an allegation amounts to a suit against the warden in his official capacity. But he cannot sue the warden in his official capacity for money damages because "a suit against a[n] official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (citations omitted). However, the Eleventh Amendment generally precludes a citizen from suing a State or one of its agencies or departments in federal

3

court. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). There are three exceptions to Eleventh Amendment immunity: (1) suits directly against the State based on a cause of action where Congress has abrogated the state's immunity from suit; (2) suits directly against the State if the State waived its sovereign immunity; and (3) suits against a State official seeking prospective equitable relief for ongoing violations of federal law. *MCI Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999). Burns does seek injunctive relief – in the form of a transfer to another facility. But, "[p]rison officials have broad administrative and discretionary authority over the institutions they manage." *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). Prison officials must afford inmates their constitutional rights, but where to house an inmate is the type of decision that is squarely within the discretion of prison officials. Here, the facts presented – a single attack occurring over six months ago - do not warrant an intrusion upon that discretion. Thus, Burns cannot proceed against the warden in his official capacity.

The caption of the complaint does not name Commissioner Carter as a defendant, although the body reads as if Burns is suing Commissioner Carter. To the extent that Burns may have intended to include Commissioner Carter as a defendant, he could not proceed against him in either his individual or official capacity for the same reasons he cannot proceed against Warden Neal.

While Burns's current complaint does not state a claim, he will nonetheless be granted an opportunity to amend his complaint if, after reviewing this court's order, he believes that he can plausibly state a claim. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th

Cir. 2013). If Burns decides to file an amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured by the events that transpired, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk to put this case number on a blank Prisoner Complaint form Pro Se 14 (INND Rev. 2/20) and send it to Steven Burns.;

(2) GRANTS Steven Burns until **December 11, 2020**, to file an amended complaint; and

(3) CAUTIONS Steven Burns that, if he does not respond by that deadline, his case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on November 12, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT