UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STEVEN BURNS,

    Plaintiff,

    v.                                             CAUSE NO. 3:20-CV-388-JD-MGG

RON NEAL, et al.,

    Defendants.

OPINION AND ORDER

On November 12, 2020, Steven Burns, a prisoner without a lawyer, was granted until December 11, 2020, to file an amended complaint. ECF 8. He was cautioned that, if he did not respond by that deadline, his case would be dismissed pursuant to 28 U.S.C. § 1915A because his complaint did not state a claim for which relief can be granted. *Id.* That order was mailed to Burns at the address he provided, and it was not returned as undeliverable. The deadline passed without any response from Burns, and the case was dismissed on December 30, 2020. ECF 9. Now, over seven months later, Burns has filed an unsigned amended complaint (ECF 12) and a letter (ECF 13) indicating that he did not receive the court's November 12, 2020, order. He asks that the court allow his case to proceed.

The letter is construed as a motion to reconsider pursuant to Federal Rule of Civil Procedure 60 because it was filed more than twenty-eight days after the entry of judgment. *See Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014). An order granting relief under Rule 60(b) is an "extraordinary remedy" that is granted "only in

exceptional circumstances." *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005). Here, the only arguably applicable basis for relief is "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

Here, it is unclear why Burns did not receive the court's order. Nonetheless, reopening Burns's case would be futile. His original complaint did not state a claim, for the reasons explained in this court's November 12, 2020, order. The proposed amended complaint (ECF 12) alleges essentially the same facts as the original complaint. It too does not state a claim. Furthermore, the proposed amended complaint is not signed. Federal Rule of Civil Procedure 11(a) requires that all filings be signed.

Therefore, the motion for reconsideration (ECF 13) is DENIED.

SO ORDERED on July 21, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT